UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA PLETOS and MITCHELL PLETOS,

Plaintiffs,

v.

MAKOWER ABATTE GUERRA WEGNER
VOLLER, et al.,

Defendants.
_____/

Case No. 16-cv-13175

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER DENYING AS MOOT PLAINTIFFS' REQUEST TO EXCEED PAGE LIMIT [26] AND ORDERING PLAINTIFFS TO SHOW CAUSE WHY SUMMONS SHOULD BE EXTENDED**

On September 2, 2016, Sandra and Mitchell Pletos ("Plaintiffs") commenced the instant action against nine defendants. Dkt. No. 1. In their Complaint, Plaintiffs allege violations of the Fair Debt Collection Practices Act, Michigan Regulation of Collection Practices Act, Racketeer Influenced and Corrupt Organizations Act, and other claims. *Id*. at 6–28 (Pg. ID No. 6–28). This case has been pending for more than three months and was just recently reassigned with three motions pending, two of which are dispositive. *See* Dkt. No. 9, 13, 16, 24.

The pending dispositive motions are scheduled for hearing in March 2017. In this Order, the Court will address Plaintiffs' Ex Parte Motion to Extend Summons [16] and Plaintiffs' Request to Exceed Page Limit [26].

-1-

**A. Motion to Extend Service**

On December 1, 2016, Plaintiffs filed an Ex Parte Motion for First Extension of Time to Serve Summons and Complaint. Dkt. No. 16. Rule 4(m) of the Federal Rules of Civil Procedure provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). "Although the rule by its express language provides that the court 'shall' dismiss an action when service is not effected within [90] days, it also provides some flexibility in that it allows a court to choose not to dismiss but rather to extend the service time when good cause is shown." *United States v. Ninety Three Firearms*, 330 F.3d 414, 426 (6th Cir. 2003).

In determining whether to grant an extension, the Court should consider the following factors: (1) whether a significant extension of time is required; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would her lawsuit be time-barred; and (5) whether the plaintiff has made good faith efforts at effecting proper service of process. *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001).

Reviewing the pleading submitted by Plaintiffs, it is not possible for the Court to decipher whether every defendant had actual notice of the lawsuit and whether good faith efforts at effecting proper service of process were made. Accordingly, the Court hereby **ORDERS** Plaintiffs to **SHOW CAUSE** why time for service of the Summons and First Amended Complaint should be extended.

### B. Request to Exceed Page Limit

On December 15, 2016, Plaintiffs requested a 15-page extension to the 25-page limit for briefs. Dkt. No. 26 (Pg. ID No. 1094). Since that filing, Plaintiffs have submitted a response that complies with the Local Rule restricting brief length to 25 pages. *See* Dkt. No. 28. Accordingly, the Court **DENIES** Plaintiffs' request [26] as moot.

Future requests should be made in accordance with this Court's Chamber Practice Guidelines. ("Extensions of the page limit set forth in Local Rule 7.1 may be obtained by the filing of an ex parte motion, which may be granted if the request for additional pages is warranted and reasonable."). However, parties should note that the Court is not in the habit of granting such large extensions to the page limits, absent good cause.

Finally, it is necessary to remind all parties that they are required to comply with the Eastern District of Michigan Local Rules. This includes Rule 5.1(a)(3),

which requires all papers submitted to the Court to be in 14 point type size for all text and all footnotes.[1] The Court may strike future papers submitted in violation of the Local Rules.

    IT IS SO ORDERED.

Dated: December 20, 2016                         /s/Gershwin A Drain
Detroit, MI                                         HON. GERSHWIN A. DRAIN
                                                  United States District Court Judge

---

[1] Defendants' Motion for Summary Judgment, Dkt. No. 9, and Reply Brief, Dkt. No. 27, appear to utilize type size 11 for text and type size 10 for footnotes.